Esther C. Rodriguez
Nevada State Bar No. 006473
**RODRIGUEZ LAW OFFICES, P.C.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400; Fax: (702) 320-8401
esther@rodriguezlaw.com

Richard M. Schreiber
Texas State Bar No. 24056278
*Admitted Pro Hac Vice*
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100; Fax: (713) 352-3300
rschreiber@mybackwages.com

*Attorneys for Davis and the Hourly Employees*

Louis M. Bubala III, Nev. Bar No. 8974
**KAEMPFER CROWELL**
50 W. Liberty Street, Suite 1100
Reno, Nevada 89501
Telephone: (775) 852-3900
Facsimile: (775) 327-2011
E-Mail: lbubala@kcnvlaw.com

Ashley Jordaan, Colo. Bar No. 29563
Owen Davis, Colo. Bar No. 52898
*Admitted Pro Hac Vice*
**HUSCH BLACKWELL**
1801 Wewatta Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 749-7200
Facsimile: (303) 749-7272
E-Mail: Ashley.Jordaan@huschblackwell.com
E-Mail: Owen.Davis@huschblackwell.com

*Attorneys for Defendant Timberline Drilling, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LAWRENCE DAVIS, Individually and On Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TIMBERLINE DRILLING, INCORPORATED,<br><br>Defendant. | Case No. 3:25-cv-00340-ART-CSD<br><br>**STIPULATION AND ORDER TO STAY, TOLL, AND MEDIATE** |

Plaintiff Lawrence Davis ("Plaintiff" or "Davis") and Defendant Timberline Drilling, Inc. ("Defendant" or "Timberline") (collectively the "Parties"), jointly move this Court to grant this Stipulation to vacate the October 8, 2025 Video Case Management Conference and stay this case and all pending deadlines for a period of 90 days to allow the Parties adequate time to exchange informal discovery, engage in settlement discussions, and attend mediation to resolve this case. In support of this Stipulation, the Parties state as follows:

1. On July 9, 2025, Davis filed his Original Class and Collective Action Complaint. (ECF No. 1).

2. On August 22, 2025, Timberline filed its Answer and Affirmative Defenses. (ECF No. 16). Timberline denies that any violation of the FLSA or state law occurred and contests that any collective or class treatment is appropriate in this case.

3. On August 25, 2025, the Court issued its Order Setting Video Case Management Conference (the "Order"). (ECF No. 18). Pursuant to that Order, (i) a Case Management Conference is set for October 8, 2025; (ii) the Parties were required to meet and confer twenty (20) days before the Case Management Conference (September 18, 2025); and (iii) the Parties must submit a Joint Case Management Report and proposed Discovery Plan and Scheduling Order by October 2, 2025.

4. On September 12 and 22, 2025, the Parties conferred pursuant to the Court's Order and Fed. R. Civ. P. 26(f).

5. Throughout this process, and per the Court's Order, counsel for the Parties initiated preliminary discussions wherein they broached the possibility of early resolution. To that end, the Parties have agreed to seek a stay of this litigation and the aforementioned deadlines to conserve costs so that they may engage in informal discovery and attend mediation for a potential resolution.

6. To facilitate productive mediation of the action, the Parties have agreed to engage in a good faith effort to exchange relevant documents and information, including relevant compensation data, timesheets, identification numbers, dates of employment, and other documents and information, the scope of which the Parties will agree for the FLSA Collective Members. Timberline agrees that it will diligently attempt to provide Plaintiff relevant data necessary for mediation at least 21 days prior to mediation. The Parties intend that any document production for purposes of this stay and mediation will be subject to Federal Rule of Evidence 408 and not offered as evidence in this action.

7. After an initial exchange of relevant documents and data, the Parties will proceed to conduct substantive discussions regarding settlement, review potential damage models, and

attend mediation with an experienced wage and hour mediator. The Parties have already discussed such candidates to serve as a potential mediator with whom the Parties' respective counsel have successfully mediated other cases. The Parties anticipate mutually selecting a mediator and date for within 30 days of this Court granting the instant Stipulation.

8. The proposed stay of this case and all case deadlines will conserve the Parties' and the Court's resources while they work towards a potential resolution of this matter. *See* Fed. R. Civ. P. 1 (indicating the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). A stay of 90 days is sought to account for the time needed to collect and exchange necessary data and information, mediators' schedules, and the upcoming holidays.

9. The proposed tolling period will toll the FLSA statute of limitations for the FLSA Collective Members from September 22, 2025, until an impasse is declared by the mediator, the expiration of the 90-day stay period requested herein, or either Party provides notice (via email or letter) to the other of an impasse, whichever is earlier.

10. If the Parties are unable to resolve this matter prior to the end of the requested 90-day stay period, they will notify the Court of this fact within 14 days after the end of the stay and will provide the Court with a status report and/or a proposed Discovery Plan and Scheduling Order with a request to reset the case management conference.

///

///

///

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court Grant this Stipulation and enter an Order that (i) vacates the October 8, 2025 Video Case Management Conference, (ii) stays this case and all pending deadlines for a period of 90 days, and (iii) tolls the FLSA statute of limitations for the FLSA Collective Members.

///

///Date: October 1, 2025

Respectfully submitted,

By: /s/ Richard M. Schreiber
Richard M. Schreiber
Texas State Bar No. 24056278
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100; Fax: (713) 352-3300
rschreiber@mybackwages.com

Esther C. Rodriguez
**Rodriguez Law Offices, LLC**
Nevada State Bar No. 006473
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400; Fax: (702) 320-8401
esther@rodriguezlaw.com

**ATTORNEYS FOR DAVIS & THE HOURLY EMPLOYEES**

/s/ Louis M. Bublala, III
Louis M. Bubala III, Nev. Bar No. 8974
**KAEMPFER CROWELL**
50 W. Liberty Street, Suite 1100
Reno, Nevada 89501
Telephone: (775) 852-3900
Facsimile: (775) 327-2011
E-Mail: lbubala@kcnvlaw.com

Ashley Jordaan, Colo. Bar No. 29563
Owen Davis, Colo. Bar No. 52898
*Admitted Pro Hac Vice*
**HUSCH BLACKWELL**
1801 Wewatta Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 749-7200
Facsimile: (303) 749-7272
E-Mail: Ashley.Jordaan@huschblackwell.com
E-Mail: Owen.Davis@huschblackwell.com

**ATTORNEYS FOR DEFENDANT TIMBERLINE DRILLING, INC**

**IT IS SO ORDERED**.

Dated this 1st day of October, 2025.

_____
UNITED STATES MAGISTRATE JUDGE